

Villanova University School of Law
Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# Huang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4532

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Huang v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1473.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1473

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-127                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4532
_____

ZHI WEN HUANG,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A73-603-213)
Immigration Judge: William Strasser
_____

Submitted On Motion For Summary Affirmance
Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 16, 2007

Before:    RENDELL, SMITH AND JORDAN, <u>Circuit Judges</u>.

(Filed  March 14, 2007)


_____


OPINION
_____

PER CURIAM

Zhi Wen Huang, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals ("BIA" or "Board") denying his motion to reopen his removal proceedings. Huang has also filed a motion for a stay of removal. The Government has filed a motion for summary affirmance of the BIA's order, to which Huang has filed a response. We will grant the Government's motion, deny the petition for review, and deny the stay motion.

In 1992, Huang entered the United States and filed an application for asylum and withholding of removal, claiming that he feared persecution in connection with his participation in student democracy movement demonstrations in 1989. After a hearing, on January 30, 1996, the Immigration Judge denied relief on Huang's claims, ordered his removal, and granted voluntary departure by May 6, 1996 in lieu of removal. On April 21, 1997, the BIA dismissed Huang's appeal and granted voluntary departure within thirty days. In dismissing the appeal, the Board stated, inter alia, that "no separate brief or written statement has been submitted to date even though it was represented in the Notice of Appeal that one would be filed. Moreover, no explanation for this failure has been provided."

More than nine years later, on May 12, 2006, Huang, represented by new counsel, filed a motion to reopen with the BIA. He asserted that he should benefit from equitable tolling of the regulatory time limit because prior counsel was ineffective in failing to file a brief in support of his appeal. He also requested sua sponte reopening under 8 C.F.R.

2

§ 1003.2(a).  In support, Huang asserted that his case presented exceptional circumstances in light of the ineffective assistance of counsel and his changed circumstances of having two children born in the United States in 2002 and 2005, in violation of China's population control policy.  On September 26, 2006, the Board denied the motion to reopen as untimely filed.  The Board noted Huang's current counsel's inquiry letter to former counsel, which is dated April 20, 1996, and considered Huang's assertion that he did not understand the implications of the Board's decision dismissing his appeal.  However, the Board concluded that Huang failed to account for the nine years that had elapsed and failed to provide any reason for his failure to act during that time.  In addition, the Board declined to reopen Huang's case <u>sua</u> <u>sponte</u>, noting that the birth of two children in the United States did not present exceptional circumstances that warranted such treatment.  The Board further noted that Huang did not seek reopening based on changed country conditions under 8 C.F.R. § 1003.2(c)(3)(ii).

We review a final order of the BIA denying a motion to reopen for abuse of discretion.  <u>Mahmood v. Gonzales</u>, 427 F.3d 248, 250 (3d Cir. 2005).  Generally, a motion to reopen must be filed before the BIA within ninety days of the final administrative decision.  8 C.F.R. § 1003.2(c)(2).  This deadline may be equitably tolled by a showing of ineffective assistance of counsel; however, the alien must show that he has exercised due diligence in pursuing his claim.  <u>See</u> <u>Mahmood</u>, 427 F.3d at 252-53.  As for motions to reopen proceedings <u>sua</u> <u>sponte</u>, the Board has discretion to deny such a motion, even if the party moving has made out a prima facie case for relief.  8 C.F.R.

3

§ 1003.2(a).

Here, Huang allowed more than nine years to elapse before filing a motion to reopen. Huang attempts to justify this delay by stating that he was unaware of the import of the Board's decision, asserting that he only became aware when he retained current counsel, a circumstance prompted by the removal proceedings begun against his wife. He asserts that he exercised due diligence by filing his motion to reopen within a few months of retaining current counsel. Even if true, these allegations do not show that Huang exercised due diligence in discovering and pursuing his ineffective assistance claim.

In his response to the Government's motion for summary affirmance, Huang argues that we should deny the motion because it does not address the other asserted basis for reopening, namely, the birth of his two children in the United States. However, this Court generally lacks jurisdiction to review the BIA's decision not to exercise its discretion to consider sua sponte an untimely motion to reopen. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) (discussing 8 C.F.R. § 1003.2(a) as previously-found at 8 C.F.R. § 3.2(a)(1999)).[1] We cannot reach this issue in the petition for review.

_____

[1] Huang also argues that summary affirmance is not appropriate in light of the similar facts in Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006). In Guo, the Court of Appeals for the Second Circuit concluded that the BIA had abused its discretion in denying a motion to reopen based on changed country conditions concerning enforcement of China's one-child policy with respect to foreign-born children. As noted above, Huang did not seek to reopen his case based on changed country conditions. As such, whether the BIA should have reopened Huang's case based on changed country conditions is an issue not properly before us.

4

Because this appeal does not raise a substantial question, we grant the Government's motion for summary affirmance and will deny the petition for review. See Third Circuit LAR 27.4 and I.O.P. 10.6. We deny Huang's motion for a stay of removal.